IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| THOMAS C. RAY,<br><br>    Petitioner,<br><br>v.<br><br>BRIAN BELLEQUE,<br><br>    Respondent. | Civil No. 05-750-TC<br><br>ORDER TO PROCEED<br>IN FORMA PAUPERIS<br>AND FINDINGS AND<br>RECOMMENDATION TO<br>DISMISS |

COFFIN, MAGISTRATE Judge.

Petitioner's Application to proceed *in forma pauperis* (#1) is allowed. However, for the reasons set forth below, petitioner's Petition (#2) should be denied without prejudice and this proceeding should be dismissed on the basis that petitioner has not exhausted state remedies with respect to his claims. See 28 U.S.C. § 2254(b); Rule 4, Rules Governing Section 2254 Proceedings, 28 U.S.C. foll. § 2254 (permitting summary dismissal of petition).

1 - ORDER TO PROCEED IN FORMA PAUPERIS AND
    FINDINGS AND RECOMMENDATION TO DISMISS

## BACKGROUND

Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 alleging violations of his due process rights and equal protection arising out of the denial of motions during his trial for identity theft and credit card fraud. Petitioner alleges that he has not filed an appeal because he has not yet been sentenced.

## DISCUSSION

A state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. Keeney v. Tamayo-Reyes, 112 S.Ct. 1715, 1720 (1992); Duckworth v. Serrano, 454 U.S. 1, 3 (1981). A prisoner satisfies the exhaustion requirement by "fairly" presenting his claims to the highest state court with jurisdiction to consider them. Keeney, 112 S.Ct. at 1720; Picard v. Connor, 404 U.S. 270, 276 (1971). A prisoner fairly presents his claims by describing in the state court proceeding both the operative facts and the legal theory on which his claim is based. Anderson v. Hareless, 459 U.S. 4, 6 (1982); Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988); Tamapua v. Shimoda, 796 F.2d 261, 262 (9th Cir. 1986).

"When a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review is barred unless the

prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a miscarriage of justice." Noltie v. Peterson, 9 F.3d 802, 804-05 (9th Cir. 1993); Sawyer v. Whitley, 112 S.Ct. 2514, 2518 (1992); Keeney, 112 S.Ct. at 1718-19.

"'Cause' is a legitimate excuse for the default and 'prejudice' is actual harm resulting from the alleged constitutional violation." Thomas v. Lewis, 945 F.2d 1119, 1123 (9th Cir. 1991). In the extraordinary case, cause for procedural default may be established "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986); Keeney, 112 S.Ct. at 1721; Noltie, 9 F.3d at 806.

As noted above, petitioner has not yet been sentenced and has not appealed his conviction or sought collateral review in the Oregon courts. Therefore he has not exhausted state remedies as discussed above.

## CONCLUSION

Petitioner's Petition (#2) should be denied without prejudice on the grounds that he has not exhausted state remedies. Petitioner's Motion for Appointment of Counsel (#3) is denied. This proceeding should be dismissed.

DATED this 3 day of June, 2005.

Thomas M. Coffin
United States Magistrate Judge

3 - ORDER TO PROCEED IN FORMA PAUPERIS AND
FINDINGS AND RECOMMENDATION TO DISMISS